UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cr-20108-JEM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AKIL THURSTON,

    Defendant.

_____

## DEFENDANT AKIL THURSTON'S OBJECTIONS TO THE [DE 46] PRESENTENCE INVESTIGATION REPORT

The Defendant, Akil Thurston (Mr. Thurston), by and through his undersigned attorney, files this, Defendant's Objections to the [DE 46] Presentence Investigation Report (PSR), and in support thereof, states as follows:

1.    Mr. Thurston's Sentencing Hearing is set for September 2, 2025, at 11:00 A.M. (See [DE 36]).

2.    Mr. Thurston was charged by Indictment [DE 18] in the above styled matter with Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846.

3.    The DRAFT Disclosure of Presentence Investigation Report for Mr. Thurston [DE 46] was filed on July 29, 2025.

[Continued on next page]

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

## Objection to Failure to Recommend a Minor Role Reduction.

4. The Probation Officer set forth the following statement at paragraph 19 of the PSR [DE 46] as to why she declined to recommend a "minor role" adjustment: "*Strachan and Thurston are not deserving of an aggravating or mitigating role adjustment, pursuant to §3B1.1 and § 3B1.2.*"

5. The Probation Officer's election not to recommend a "minor role" adjustment here contradicts the evidence related to the superior role, interests, decision-making and involvement that Strachan played in this conspiracy, versus Mr. Thurston's miniscule, one-day involvement in it as a delivery driver.

6. Had this case proceeded to trial, the evidence would have established that Mr. Thurston's role was not just minor, but clearly minimal in comparison to that of Strachan. Specifically, as set forth in the PSR, Mr. Thurston's involvement consisted of two events on the same day, as follows:

> A. In December 2024, a Federal Bureau of Investigation (FBI) confidential individual (CI) began communicating with co-defendant Strachan. According to the CI, Strachan was involved in the cocaine trafficking business and was known to traffic cocaine from the Bahamas to the United States. (PSR [DE 46]; Par. 12).
>
> B. On February 27, 2025, a second confidential individual (CI2) and an undercover detective met with Strachan at an Outback restaurant in Dania Beach, Florida. During the meeting, Strachan called Mr. Thurston, who brought one kilogram of cocaine to the restaurant parking lot. Strachan went to Mr.

Page **2** of **12**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

   Thurston's car, retrieved the cocaine from the car, returned to the meeting, and gave the undercover detective one kilogram of cocaine in exchange for $17,000. (PSR [DE 46]; Par. 14-15).

 C. After the initial meeting, Strachan agreed to meet the undercover detective again that day and sell him an additional 15 kilograms of cocaine at a CVS pharmacy in Fort Lauderdale, Florida. Strachan met the undercover detective there and they then waited for Mr. Thurston to arrive with the cocaine. However, Mr. Thurston was stopped by Florida State troopers while en route, who saw a black duffle bag on the rear driver's side's floorboard in plain view and conducted a search of the vehicle when a narcotics canine alerted the troopers. They found approximately 15 kilograms of cocaine inside the black duffle bag. The cocaine was recovered and Strachan and Mr. Thurston were arrested that same day, February 27, 2025. (PSR [DE 46]; Par. 16-18).

 7. Mr. Thurston clearly had no decision-making authority regarding the cocaine, as it was Strachan whom the CIs contacted, who negotiated the sale with the undercover detective, who set the price and who received the money for the sale.

 8. Thus, Mr. Thurston's role in this crime was minimal compared to that of his co-defendant, Strachan, the known drug trafficker. (See PSR [DE 46]; Par. 12).

 9. Section 3B1.2 (b) of the United States Sentencing Guidelines authorizes a "minor role" adjustment for a defendant who is a minor participant in the criminal activity. USSG §3B1.2(b).

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

10. Application Note 3(A) to USSG §3B1.2 instructs that:

> "**(A)** Substantially Less Culpable than Average Participant. – This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." USSG app §3B1.2.

11. Significantly, this Application Note provides an example of a "minor role" that can be compared to Mr. Thurston's minimal participation as a delivery driver in the criminal conduct here by indicating (in the context of drug-trafficking) that:

> "For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to <u>transporting</u> or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline." ***Id.*** (Underlined emphasis ours).

12. Application Note 3 (C) to USSG §3B1.2 provides a non-exhaustive list of applicable factors for the Court to consider:

> "**(C)** Fact-Based Determination. The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.
>
> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

(i) The degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and the extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

The Note adds that:

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The Note adds further that:

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity. *Id*.

13. In **United States v. De Varon**, 175 F.3d 930 (11th Cir. 1999), the Court held that:

> "[A] district court's ultimate determination of the defendant's role in the offense should be informed by

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." ***Id.*** at 940.

14. Here, the PSR [DE 46] actually recognizes the distinctions in levels of culpability between the two individuals involved in this conspiracy. (See PSR [DE 46]; Par. 12).

15. Therefore, based on the foregoing Application Notes, Mr. Thurston's small part in this crime is indicative of a role as a minimal participant. Indeed, as indicated above, the PSR [DE 46] clearly shows that Mr. Thurston performed one of the most minimal roles in this criminal activity and had no financial interest in the cocaine.

16. In addition, an analysis of the list of factors to be considered by the Court under USSG §3B1.2, shows that they overwhelmingly lead to the conclusion that Mr. Thurston played a "minimal" role.

17. For example, under factor ***(ii) the degree to which the defendant participated in planning or organizing the criminal activity***, there is no question that Mr. Thurston did not participate in planning or organizing the sale of the cocaine (those functions were performed by Strachan); while factor ***(iii) the degree to which the defendant exercised decision-making authority or influenced the***

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

*exercise of authority*, also cuts in favor of Mr. Thurston, as it is clear from the PSR [DE 46] that Mr. Thurston did not have any decision-making authority, nor did he influence the exercise of such authority. Furthermore, a review of factor *(iv) the nature and the extent of the defendant's participation in the commission of the criminal activity, including the acts that the defendant performed and the responsibility and discretion the defendant had in performing those acts*, clearly shows that Mr. Thurston's participation was solely to drive the cocaine on two very brief occasions the same day. Lastly, factor *(v) the degree to which the defendant stood to benefit from the criminal activity*, makes it clear that this factor also cuts in Mr. Thurston's favor, as he had no financial interest in the cocaine, he did not set the price for the cocaine and he was not paid for the cocaine, as it was Strachan who received the $17,000 from the undercover detective (PSR [DE 46]; Par. 15).

**Under The November 2025 Proposed Guidelines Amendment, Mr. Thurston Qualifies as a "Minimal Participant."**

18.     Mr. Thurston also qualifies as a "minimal participant," pursuant to the new Guidelines Amendment to §2D1.1(e)(2)(B)(ii) (which will take effect on November 1, 2025, absent congressional intervention).[1]

---

[1] See 2025 Amendments, pages 5 and 8:  https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf.

19. In the "Special Instructions" relating to §3B1.2 in drug cases, the proposed Amendment sets forth that:

> "An adjustment under §3B1.2(a) is generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, <u>such as serving as a courier, running errands</u>, sending or receiving phone calls or messages, or acting as a lookout;…" (Underlined emphasis ours).[2]

20. The new 2025 proposed Amendment highlights the need for greater use of role reduction – specifically in drug cases – as the relevant Special Instructions are included in § 2D1.1, rather than in § 3B1.2.

21. The United States Sentencing Commission pointed out in the Commentary to the proposed Amendment that a historical analysis of the role adjustment language revealed that its efforts to expand the use of minimal participant reductions over the last 10 years did not bear fruit.[3]

22. In the "**Reason for Amendment**," the Commission pointed out that the amendment is the result of the Commission's study on the operation of §2D1.1, which showed that targeted changes were warranted to ensure appropriate penalties commensurate with an individual's function in a drug trafficking offense.[4]

---

[2] *Id*, at page 5.

[3] *Id*, at page 8.

[4] *Id*, at page 7.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

23. The Commission further explained that it sought to expand the circumstances for which adjustments are warranted under 3B1.2 because prior data showed that, despite previous amendments to the Commentary in 2015:

> "Commission data shows that the [2015] amendment did not result in a sustained increase in application of the mitigating role adjustment in 2D1.1 cases, … as the vast majority of these cases received only a 2-level reduction [and that] 3- and 4-level reductions are rarely applied."[5]

24. Mr. Thurston, as set forth above, merely acted as a courier for Strachan, driving the cocaine to the two places designated by Strachan. (PSR [DE 46]; Par. 14-18).

25. Moreover Mr. Thurston participated in this conspiracy for just <u>one day</u>, in which he exclusively performed the above-mentioned role as a courier. (PSR [DE 46]; Par. 14-18).

26. Therefore, given the Commission's efforts to expand the use of minimal participant role adjustments and bring uniformity across the country, Mr. Thurston urges the Court to conclude that a 4-level reduction is appropriate in this particular case, considering its unique characteristics, because a district court must use the fullest information possible concerning subsequent developments in the law, such as changes in sentencing guidelines. ***United States v. Lizarraras-***

---

[5] *Id*, at page 8.

Page **9** of **12**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

*Chacon*, 14 F.4th 961, 963 (9th Cir. 2021).

**Failure to Recommend that Defendant Qualifies for a Reduction under U.S.S.G §5C1.2 (Safety Valve).**

27.    USSG § 5C1.2 (a) and 18 U.S.C. § 3553 (f) provide that a defendant qualifies for Safety Valve relief if:

(1) he does not have more than 1 criminal history point;

(2) he did not use violence or threats of violence, or possess a firearm or other dangerous firearm in connection with the offense;

(3) the offense did not result in death or serious bodily injury;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

28.    The PSR unquestionably shows that Mr. Thurston meets the criteria required in subparagraphs (1) through (4) above to qualify for a Safety Valve reduction. As far as condition (5) above, Mr. Thurston is scheduled to be debriefed by the government's agents this Thursday, August 14, 2025. Consequently, a reduction under §5C1.2 (Safety Valve) should be recognized.

**WHEREFORE**, for the foregoing reasons, Defendant Akil Thurston respectfully requests that this Honorable Court sustain his objections to the PSR

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

[DE 46], grant him a 4-level mitigating role adjustment as a minimal participant pursuant to USSG §3B1.2 (b), grant him a further reduction under §5C1.2 (Safety Valve), and sentence him to a reasonable sentence that takes into account the totality of the sentencing factors set forth in 18 U.S.C. §3553.

**DATED** on August 12, 2025.

                    Respectfully submitted,

                    **Donet, McMillan &Trontz, P.A.**

        By: /s/ David A. Donet, Jr.
             David A. Donet, Jr., Esq.
             Florida Bar No.: 128910
             Attorney for Defendant Akil Thurston

[Certificate of Service on next page]

Page 11 of 12

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 12, 2025, undersigned counsel electronically filed the foregoing Defendant Akil Thurston's Objections to the [DE 46] Presentence Investigation Report with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing (NEF) to all counsel of record registered therein.

                            **Donet, McMillan &Trontz, P.A.**

                By: /s/ David A. Donet, Jr.
                     David A. Donet, Jr., Esq.
                     Florida Bar No.: 128910
                     Attorney for Defendant Akil Thurston
                     100 Almeria Avenue, Suite 230
                     Coral Gables, Florida 33134
                     Telephone: (305) 444-0030
                     Email: donet@dmtlaw.com
                     Email: paralegals@dmtlaw.com

Page **12** of **12**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com